## GUMBY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.    May 6, 1898.)

STREET RAILROADS—INJURY TO FOOT TRAVELER.

At the trial of an action to recover damages for personal injuries due to the alleged negligence of the defendant, it appeared that the plaintiff, a boy five years old, in company with an older boy, was passing over Sixth avenue at a crossing, and waited between the car tracks for a truck to pass. While thus waiting, one of defendant's cars, distant from 20 to 40 feet, approached, and one of its horses struck plaintiff just before he got across the track.    There was evidence that the car was then still proceeding very rapidly, and that the driver was urging the horses on.  *Held*, that the evidence would have warranted a verdict for plaintiff, and that the dismissal of the complaint was error.

Appeal from trial term, New York county.

Action by George A. Gumby, an infant, against the Metropolitan Street-Railway Company.    From a judgment dismissing the complaint, plaintiff appeals.    Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

M. P. O'Connor, for appellant.
John T. Little, Jr., for respondent.

O'BRIEN, J.    The complaint in this action was dismissed on the ground that no negligence on the part of the defendant was shown in connection with the occurrence which resulted in grave injuries to the infant plaintiff.    On this appeal, which is from the judgment entered on the dismissal of the complaint, it is necessary only to examine the record to ascertain whether the action of the court below was right.    It appeared in evidence that on the 22d day of May, 1897, the plaintiff, an infant of 5 years of age, in company with an older boy about 11 years of age, was crossing Sixth avenue at the southerly crosswalk of Third street.    It also appeared that they were passing from the west to the east side of the avenue, and that there was a wagon proceeding northward on the uptown track of the defendant's railway.    The boys had reached a position in the street between the two tracks.    While they were there standing, waiting for the wagon or truck to pass, one of the defendant's cars was approaching, its distance being variously estimated at from 20 to 40 feet.    There was evidence tending to show that the horses attached to the car were proceeding at a rapid rate.    The older boy crossed to the easterly sidewalk in safety. The younger boy, following him, was overtaken, and struck by one of the horses drawing the car.    The boy had almost reached the easterly rail of the track, and was struck by the right-hand horse, and sustained injuries which resulted in the loss of his right arm.

There was evidence to show that at the time he was struck the car was still proceeding at a very rapid rate; and it was also sworn to by two of the witnesses that the driver was urging the horses, striking them on their backs with the reins, and thus increasing their speed, instead of abating it, as he should have done. In determining the question of the right to maintain the action, we must, of course, consider the proof in the most favorable light in which it may be viewed for the plaintiff; and, so doing, it needs no argument to show that the case should have gone to the jury on the question of the defendant's negligence. If the car was from 20 to 40 feet away from the boy as he was standing between the tracks, with nothing to obstruct the driver's view, and if the driver urged his horses to a rapid rate of speed, regardless of the position of the child, and the possibility of injury to him, the inference of negligence is not to be escaped. The boy was at the crosswalk on the southerly side of Third street, and, according to the testimony, the driver of the car was urging his horses to increase their speed at that point, and kept on urging them, apparently without looking to what might be at the crossing in front of him. No question can be raised here with reference to those casual variations in the versions of different witnesses as to the same occurrence, which are always to be found in cases of this character. The trial judge had nothing to do with the matter of the credibility of witnesses. On the simple issue of the defendant's negligence, it was merely for him to say whether there was any evidence that would support the plaintiff's action; and we think there was enough to carry the case to the jury upon the facts as testified to by all the witnesses for the plaintiff. The evidence here was of such a character that it would warrant the jury in finding a verdict in favor of the plaintiff on the subject of the defendant's negligence. The question of contributory negligence does not seem to have entered into the decision of the court below, but upon that subject it may be said that, if the question were in the case, it was for the jury also to pass upon that, because it cannot be held as matter of law on this record that there was contributory negligence.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.